UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Macomb County Circuit Court
Case No. 11-1438-NF
U.S. District Court Case No._____

| | |
|---|---|
| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5666 | James F. Hewson (P27127)<br>Michael J. Jolet (P67464)<br>Michael Faust (P67084)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |

## NOTICE OF REMOVAL

    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by its attorneys Hewson & Van Hellemont, P.C, submits its Notice of Removal as follows:

    1.    That on or about April 11, 2011, Plaintiff, Jaroslaw Waskowski, filed Civil Action No. 11-1438-NF, in the Macomb County Circuit Court, State of Michigan (Exhibit 1).

    2.    State Farm was served by United States Certified Mail on June 22, 2011.

    3.    The amount in controversy exceeds and the Plaintiff has presented claims the sum or value of which exceeds $75,000.00.

    4.    Plaintiff is a resident of Macomb County and the State of Michigan.

5.     State Farm Mutual Automobile Insurance Company, is an Illinois Insurance company with its principal place of business in the City of Bloomington, State of Illinois.

6.     This Honorable Court has original jurisdiction over aforesaid suit under 28 U.S.C. §1332 based upon the diversity of citizenship of the parties.

7.     State Farm removes this claim pursuant to 28 U.S.C. §1441(B).

8.     A prior action involving the parties is currently pending before the Honorable Sean F. Cox, Case No. 11-cv-12979. The allegations in the prior action are separate and distinct from the allegations in the instant action.

9.     This Notice of Removal has been filed within 30 days of service of Plaintiff's Complaint.

                                        Respectfully submitted,

                                        **Hewson & Van Hellemont, P.C.**

                                        By: s/James F. Hewson
                                        Attorney for State Farm
                                        25900 Greenfield, Suite 326
                                        Oak Park, MI 48237
                                        (248) 968-5200
                                        hewson@vanhewpc.com
                                        (P27127)

Dated:  July 14, 2011

2

## Certificate of Service

    I certify that on July 14, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System, which may or may not send notification of such filing to the following; therefore I will serve same by first class U.S. Mail to:

                        Lee Roy H. Temrowski, Esq.
                        45109 Van Dyke Ave.
                        Utica, MI 48317

                                        s/James F. Hewson
                                        Hewson & Van Hellemont, P.C.
                                        Attorney for State Farm
                                        25900 Greenfield, Suite 326
                                        Oak Park, MI 48237
                                        (248) 968-5200
                                        hewson@vanhewpc.com
                                        (P27127)

# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

JAROSLAW WASKOWSKI,

        Plaintiff,

v

        Case No. 11- 1436 -NF

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

        Hon. FOSTER

        Defendant.

_____/

Lee Roy H. Temrowski, Jr. P-31967
Attorney for Plaintiff
45109 Van Dyke Ave.
Utica, MI 48317
(586) 254-5566

_____/



P28189

RECEIVED
APR 11 2011
CARMELLA SABAUGH
MACOMB COUNTY CLERK

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

## COMPLAINT
## JURY DEMAND

NOW COMES the Plaintiff, JAROSLAW WASKOWSKI, by and through his attorney, LEE ROY H. TEMROWSKI, JR., and for a cause of action against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, states as follows:

1. That the Plaintiff, JAROSLAW WASKOWSKI is an adult and a resident of Sterling Heights, County of Macomb and State of Michigan.

2. That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is duly qualified to act as a licensed insurance company in the State of Michigan, and

1

as a result thereof has a principal place of business in the City of Mount Clemens, County of Macomb and State of Michigan, and does sell automobile insurance in the City of Mount Clemens, County of Macomb and State of Michigan.

3. That prior to December 23, 2009, Defendant executed a certain policy of automobile insurance, which said policy of automobile insurance contract was issued pursuant to Michigan Insurance Code of 1956 as amended, more commonly known as the "No-Fault Law."

4. That on or about December 23, 2009 the Plaintiff had an automobile policy of insurance in full force and effect with the Defendant and that the Plaintiff filed a claim for benefits being claim number **22-B077-749.**

5. That on or about December 23, 2009, the Plaintiff sustained bodily injuries in a certain automobile collision and that said injuries arose out of the use and operation of the motor vehicle.

6. That by virtue of the foregoing and in accordance with the terms of the aforesaid policy contract of insurance, and the terms of the insurance code of 1956, as amended, the Defendant became liable to pay over to the Plaintiff certain allowable expenses.

7. That while the Defendant has paid some benefits (particularly during 2010) and continues to pay some benefits, the Defendant has failed, neglected or refused to pay over to Plaintiff full benefits, including full wage loss benefits, attendant care benefits, medical benefits, prescriptions, and loss of service benefits since December 23, 2009. The Defendant also has failed to pay proper medical mileage benefits, but this Complaint does not include medical mileage benefits as such benefits are being dealt with separately.

8. That the Plaintiff has fully performed each and every one of the conditions precedent required by the aforesaid policy contract of insurance to be performed.

9. That, upon information and belief, while the Defendant has paid some benefits (particularly during 2010) and continues to pay some benefits, the Defendant has failed, neglected or refused to pay over to Plaintiff full benefits, including full wage loss benefits, attendant care benefits, medical benefits, prescriptions, and replacement service benefits, although the Plaintiff timely submitted to the Defendant the "No Fault" expenses to be paid by the Defendant. The Defendant also has failed to pay proper medical mileage benefits, despite submissions by the Plaintiff, but this Complaint does not include medical mileage benefits as such benefits are being dealt with separately.

10. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars.

**WHEREFORE**, the Plaintiff, JAROSLAW WASKOWSKI, prays as follows:

1. That the Plaintiff be awarded all accrued benefits, together with twelve (12%) percent interest, reasonable attorney fees and costs;

2. That Plaintiff be awarded any additional compensatory and/or exemplary damages in the amount of Two Hundred Fifty Thousand ($250,000.00) Dollars for the wilful and wrongful withholding of benefits;

3. That Plaintiff be awarded an additional amount of Two Hundred Fifty Thousand ($250,000.00) Dollars for the intentional infliction of emotional distress;

4. That the Plaintiff be awarded such other and further relief as the Court may see as just and proper.

Lee Roy H. Temrowski, Jr., P-31967
Attorney for Plaintiff

**JURY DEMAND**

3

NOW COMES the Plaintiff, JAROSLAW WASKOWSKI, by and through his attorney, LEE ROY H. TEMROWSKI, JR., and demands a Trial by Jury in all matters contained herein.

_____
Lee Roy H. Temrowski, Jr., P-31967
Attorney for Plaintiff

4