UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036
Hon. Mark A. Goldsmith
Magistrate Judge Hluchaniuk

| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5666 | James F. Hewson (P27127)<br>Michael J. Jolet (P67464)<br>Michael Faust (P67084)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |
|---|---|

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND RELIANE ON JURY DEMAND

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorney, Hewson & Van Hellemont, P.C., by way of Answer to the Complaint hereinbefore filed in this matter, respectfully represents under this Honorable Court as follows:

1. Answering the allegations contained in paragraph 1, State Farm admits.

2. Answering the allegations contained in paragraph 2, State Farm admits that it is qualified to sell insurance in the State of Michigan and affirmatively asserts that is a resident of the State of Illinois and, therefore, venue and jurisdiction are proper in this Court.

3. Answering the allegations contained in paragraph 3, State Farm objects in that the allegations are insufficiently specific to allow it to identify a particular policy of insurance issued by it in connection with this case, further objects to the failure of the Plaintiff to attach a copy of the policy of insurance or properly allege its existence; State Farm asserts that a policy may have been enforced and as to the remaining allegations denies the same.

4. Answering the allegations contained in paragraph 4, State Farm admits that a claim was assigned to his claim, admits that a policy of insurance may have been enforced but denies the terms thereof being without sufficient knowledge or information as to the date of the alleged issuance of the policy and as to the remaining allegations, denies the same.

5. Answering the allegations contained in paragraph 5, State Farm is without sufficient information upon which to premise a belief as to the truth of the matters asserted therein and, therefore, denies the same.

6. Answering the allegations contained in paragraph 6, State Farm denies the same for the reason that the same are untrue.

7. Answering the allegations contained in paragraph 7, State Farm affirmative asserts that it has paid all of the benefits to which the Plaintiff has been entitled and, therefore, denies the remainder of allegations contained therein for the reason that the same are untrue.

8. Answering the allegations contained in paragraph 8, State Farm denies the same for the reason that the same are untrue.

9.  Answering the allegations contained in paragraph 9, State Farm affirmatively asserts that these allegations are redundant from paragraph 7 and, therefore, repeats the answer to paragraph 7 as though set forth in full herein.

10. Answering the allegations contained in paragraph 10, State Farm affirmatively that the Plaintiff has claims in excess of $75,000.00 although these are disputed by the Defendant and, therefore, to that extends, admits the same.

WHEREFORE, State Farm herein prays that this Honorable Court enter a Judgment in its favor and against the Plaintiffs and grant it the costs and attorney fees it has incurred according to law.

                Respectfully submitted,

                **Hewson & Van Hellemont, P.C.**

                By: s/James F. Hewson
                    Attorney for State Farm
                    25900 Greenfield, Suite 326
                    Oak Park, MI 48237
                    (248) 968-5200
                    hewson@vanhewpc.com
                    (P27127)

Dated: July 19, 2011

## Certificate of Service

I certify that on July 19, 2011, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System, which may or may not send notification of such filing to the following; therefore I will serve same by first class U.S. Mail to:

>Lee Roy H. Temrowski, Esq.
>45109 Van Dyke Ave.
>Utica, MI 48317

>s/James F. Hewson
>Hewson & Van Hellemont, P.C.
>Attorney for State Farm
>25900 Greenfield, Suite 326
>Oak Park, MI 48237
>(248) 968-5200
>hewson@vanhewpc.com
>(P27127)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036
Hon. Mark A. Goldsmith
Magistrate Judge Hluchaniuk

| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5666 | James F. Hewson (P27127)<br>Michael J. Jolet (P67464)<br>Michael Faust (P67084)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |
|---|---|

## *DEFENDANT STATE FARM'S AFFIRMATIVE DEFENSES*

    State Farm Mutual Automobile Insurance Company, by its attorneys, Hewson & Van Hellemont, P.C., sets forth the Affirmative Defenses it will or may present at the time of the trial of this cause:

    1.    The Plaintiff's claim is barred in whole or in part by the one year back rule and/or the one year statute of limitations contained in the Michigan No-Fault Act and, therefore, Plaintiff's Complaint must be dismissed or diminished to the extent that the statute of limitations apply.

    2.    The Plaintiff has failed to provide reasonable proof of the fact and the amount of his loss and/or claims for benefit and, therefore, the Plaintiff's Complaint must be dismissed.

3. The Plaintiff's continuing injuries alleged in this Complaint do not arise out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle and, therefore, the Plaintiff's Complaint must be dismissed.

4. The Plaintiff has not alleged nor has the Plaintiff incurred any benefits which are presently due and owing and, therefore, the Plaintiff's Complaint must be dismissed.

5. Plaintiff's claim is deficient in that it does not establish the contents of the policy of insurance upon which the claim is made and, therefore, the Plaintiff's Complaint must be dismissed.

6. Plaintiff's claim is in some respects excessive or otherwise within the purview of Section 3148(2) of the Michigan No-Fault Act and, therefore, the Defendant is entitled to sanctions provided by that portion of the statute.

7. Plaintiff has failed to mitigate his damages and, to that extent, his Complaint must be dismissed or diminished.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction and, to that extent, the Plaintiff's Complaint must be dismissed.

9. To the extent that the Plaintiff's Complaint demands damages including but not limited to extra contractual, exemplary or punitive damages, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted and Defendant is entitled to sanctions for having to defend that portion of this claim.

10. Plaintiff's Complaint demands damages for "intentional infliction of emotional distress" without setting forth any allegations to support said claims and,

2

therefore, has failed to set forth a claim upon which relief can be granted and Defendant is entitled to dismissal of those claims and sanctions for having to defend the same.

11.    Defendant has not yet conducted discovery in this matter and, therefore is unable to articulate all of the defenses it will or may have at the time of the trial of this cause and reserves the right to amend these Affirmative Defenses as facts and circumstances become known to it.

WHEREFORE, State Farm herein prays that this Honorable Court enter a Judgment in its favor and against the Plaintiffs and grant it the costs and attorney fees it has incurred according to law.

Respectfully submitted,

**Hewson & Van Hellemont, P.C.**

By: s/James F. Hewson
Attorney for State Farm
25900 Greenfield, Suite 326
Oak Park, MI 48237
(248) 968-5200
hewson@vanhewpc.com
(P27127)

Dated: July 19, 2011

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036
Hon. Mark A. Goldsmith
Magistrate Judge Hluchaniuk

| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5666 | James F. Hewson (P27127)<br>Michael J. Jolet (P67464)<br>Michael Faust (P67084)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |
|---|---|

## **RELIANCE UPON JURY DEMAND**

Defendant, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Hewson & Van Hellemont P.C., and hereby relies upon the Demand for Jury Trial previously filed in the above-entitled matter.

    Respectfully submitted,

    **Hewson & Van Hellemont, P.C.**

    By: s/James F. Hewson
        Attorney for State Farm
        25900 Greenfield, Suite 326
        Oak Park, MI 48237
        (248) 968-5200
        hewson@vanhewpc.com
        (P27127)

Dated: July 19, 2011