UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036

Honorable Sean Cox
Magistrate Judge Majzoub

| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5566 | James F. Hewson (P27127)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |
|---|---|

**DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S, MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S CLAIMS FOR FAILURE TO IDENTIFY ANY EVIDENCE ESTABLISHING "REASONABLENESS" AND/OR "CUSTOMARINESS" OF CHARGES DEMANDED**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), moves this Honorable Court for the entry of an Order precluding Plaintiff's claims for various medical expenses and attendant care due to his absolute failure to identify any evidence establishing that the charges demanded are reasonable and/or customary as required under Michigan's No-Fault law. In support of its Motion, State Farm relies upon the facts and law more particularly described in the attached Brief.

Pursuant to E.D. Local Rule 7.1, counsel for State Farm sought concurrence from counsel for Plaintiff concerning the relief requested in the instant Motion on November 26, 2012, but, given the timing of this issue did not receive a reply.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that this Honorable Court enter an Order:

    a.    Granting its Motion in its entirety;

    b.    Precluding Plaintiff's claims for various medical expenses and attendant care; and

    c.    Granting it all other relief to which it is entitled.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By: s/JAMES F. HEWSON
JAMES F. HEWSON
Attorneys for Defendant
25900 Greenfield Rd., Ste. 326
Oak Park, MI 48237
(248) 968-5200
hewson@vanhewpc.com
(P27127)

Dated: November 26, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

                              Case No. 11-CV-13036

STATE FARM MUTUAL AUTOMOBILE      Honorable Sean Cox
INSURANCE COMPANY,                      Magistrate Judge Majzoub

    Defendant.

| Lee Roy H. Temrowski (P31967) | James F. Hewson (P27127) |
|---|---|
| Attorney for Plaintiff | Hewson & Van Hellemont, P.C. |
| 45109 Van Dyke Ave. | Attorneys for State Farm |
| Utica, MI 48317 | 25900 Greenfield, Suite 326 |
| (586) 254-5566 | Oak Park, MI 48237 |
| | (248) 968-5200 |

**BRIEF IN SUPPORT OF
DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S,
MOTION IN LIMINE TO PRECLUDE PLAINTIFF'S CLAIMS FOR FAILURE TO
IDENTIFY ANY EVIDENCE ESTABLISHING "REASONABLENESS" AND/OR
"CUSTOMARINESS" OF CHARGES DEMANDED**

## LAW AND ARGUMENT

    **I.  Payment Of Benefits Under Michigan's No-Fault Act.**

    MCL 500.3105 generally provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle…".  However, pursuant to MCL 500.3107(1), an insurer is responsible for only reasonable charges incurred for reasonably necessary products and services.  Specifically, MCL 500.3107(1) provides in relevant part:

> … personal protection insurance benefits are payable for the following:

3

> (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.

(Emphasis added).

Therefore, to be reimbursed for an "allowable expense" under MCL 500.3107(1)(a), (1) **_the charge for the service must be reasonable_**, (2) the service must have been reasonably necessary as a result of the injuries sustained in the accident, and (3) the charge/expense for the service must have been incurred. *Owens v Auto Club Ins Ass'n*, 444 Mich 314, 323-324; 506 NW2d 850 (1993); *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990); *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 637; 552 NW2d 671 (1996); *Davis v Citizens Ins Co of America*, 195 Mich App 323, 326-327; 489 NW2d 214 (1993); *Moghis v Citizens Ins Co. of America,* 187 Mich App 245, 247; 466 NW2d 290 (1991). The claimant/plaintiff bears the burden of establishing the above-referenced elements necessary to recover benefits under the Michigan No-Fault Act, including reasonableness and necessity. *Nasser,* 435 Mich at 49-50.

Furthermore, in terms of charges, M.C.L. 500.3157 interjects the issue of "customariness" as a secondary consideration. Specifically, the Statute provides as follows:

> **_A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person_** for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, **_may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not_**

4

> ***exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance.***

(Emphasis added).

In *Nasser*, *supra*, the Michigan Supreme Court emphasized that an insurer cannot be held liable for reimbursement of expenses under § 3107 unless ***each*** particular expense is proved by the plaintiff to be reasonable and necessary. Specifically, the Court wrote:

> *It is **each** particular expense that must be both reasonable and necessary*. The concept of liability cannot be detached from the specific payments involved, or expenses incurred …. *Where a plaintiff is unable to show that a particular expense has been incurred for a reasonably necessary product and service, there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense*.

*Id.* at 50. (Emphasis added).

The No-Fault Act is silent as to what constitutes a reasonable charge for a product, accommodation, or service, as well as a method which may be used to make that determination. The Michigan Appellate Courts have provided some guidance in this area. Specifically, they have determined that reasonableness and customariness are separate concepts, and the fact that a provider charged its customary rate for a particular service ***does not*** compel the conclusion that the charge is, in fact, reasonable. *See, e.g., Advocacy Organization for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365; 670 NW2d 569 (2003), aff'd 472 Mich 91 (2005), wherein the Michigan Court of Appeals wrote:

5

> Thus, the "customary charge" limitation in § 3157 and the "reasonableness" language in § 3107 constitute separate and distinct limitations on the amount health-care providers may charge and what insurers must pay with respect to victims of automobile accidents who are covered by no-fault insurance. *AOPP, supra* at 320; *Munson Medical Ctr. v. Auto Club Ins. Ass'n,* 218 Mich.App. 375, 385, 554 N.W.2d 49 (1996) (Indicating that a plaintiff "bears the burden of proving *both* the reasonableness *and* the customariness of its charges ...." [emphasis added] ); *Hofmann, supra* at 114, 535 N.W.2d 529 ("*In addition* to the 'customary charge' limitation ..., §§ 3107 and 3157 also impose a statutory qualification of reasonableness, such that a no-fault carrier is liable only for those medical expenses that constitute a reasonable charge for the product or service." [emphasis added] ). Contrary to plaintiffs' argument, we hold that the "customary" fee a particular provider charges under § 3157 does not define what constitutes a "reasonable charge" under § 3107. See *AOPP, supra* at 320 ("the 'customary fee' charged by a particular provider does not define what a 'reasonable fee' is"). Rather, the "customary fee" is simply the cap on what health-care providers can charge, and is not, automatically, a "reasonable" charge requiring full reimbursement under § 3107.

*Id.* at 376-377.

Furthermore, as acknowledged by the Michigan Court of Appeals "the 'customary fee' is simply the cap on what health-care providers can charge, and is not, automatically, a "reasonable" charge requiring full reimbursement under § 3107." *Id.* at 377.

The Legislature's concerns regarding reasonableness ***and*** customariness of charges is underscored by the purpose of the No-Fault Act, which the Michigan Court of Appeals has described as "'to provide…assured, adequate, and prompt reparation for certain economic losses at the lowest cost to both the individual and the no-fault insurance system'". *Hamilton v AAA Mich*, 248 Mich App 535, 549; 639 NW2d 837 (2001).

6

In *Kallabat v State Farm Mut Automobile Ins Co,* 256 Mich App 146; 662 NW2d 97 (2003), the Michigan Court of Appeals ultimately determined that the plaintiff submitted sufficient evidence to meet his burden of proof concerning the specific charges sought on behalf of medical providers in that case. However, its analysis is instructive in determining the minimum threshold that a plaintiff must surpass in order to present his or her claim to a jury.

In *Kallabat*, the defendant argued that the trial court erred in denying its motions for a directed verdict and judgment notwithstanding the verdict, arguing that the plaintiff failed to introduce evidence that medical bills incurred in the treatment by two doctors were both reasonable in amount and reasonably necessary to plaintiff's care, recovery or rehabilitation. *Id.* at p. 150. Upholding the trial court's rulings, the Michigan Court of Appeals wrote:

> At its core, defendant's claim is that a plaintiff in an action under M.C.L. §500.3107 must offer direct evidence from the treating physician that the expenses incurred were both reasonable and reasonably necessary in order for the plaintiff to prevail. We find no such requirement within the language of the statute, and we cannot find, and defendant does not cite, any binding precedent in this regard…
>
> * * *
>
> While ***plaintiff did not provide direct testimony from two of his doctors that each and every expense was reasonable and necessary***, we conclude that plaintiff did provide evidence sufficient in this regard to survive defendant's motion for a directed verdict and motion for judgment notwithstanding the verdict. As stated above, ***Dr. Robertson testified that the care he rendered was reasonably necessary and related to the automobile accident and that his fees were reasonable.*** Defendant admits that this evidence was sufficient for the jury to decide whether Dr. Robertson's bills were allowable expenses

>under the no-fault act.  ***We find that Dr. Robertson's testimony also supports a legitimate inference that Dr. Hubers' and Dr. Roodbeen's charges and treatment were also reasonable and necessary.  Dr. Robertson's testimony that he, Dr. Hubers, and Dr. Roodbeen each reached the same diagnoses permitted the jury to reasonably infer that Dr. Hubers' and Dr. Roodbeen's treatment was necessary and related to the accident.***

*Id.* at 151-152 (Emphasis added).

Contrary to the scintilla of evidence supplied in *Kallabat, supra,* it is evident from the parties' Joint Final Pre-Trial Order that Plaintiff, in this matter, will not be even to supply the jury with that minimal amount of evidence.  Indeed, as evidenced from his *de bene esse* deposition transcript attached as Exhibit 2 to State Farm's Motion in Limine to strike that testimony (Doc. #50), Dr. Glowacki supplied no testimony as to the reasonableness and/or customariness of his charges.  Similarly, while Plaintiff may present an, as yet, unidentified individual from Oakland MRI and/or Euro Rehab's billing department as lay witnesses during his case-in-chief (*see,* Joint Final Pre-Trial Order, p. 3 (Plaintiff's Lay Witnesses)), that person is capable of only testifying to what may be outstanding from State Farm, not what is commonplace or reasonable within the industry for the services provided.  *Id.*  Additionally, and perhaps of greater import, Plaintiff not only failed to identify the particular person expected to testify from Euro Rehab in any of the filings in this matter (including the Joint Final Pre-Trial Order), but he failed to even list someone from the Oakland MRI billing department in his Witness List and any amendments or supplements thereto, as well as his Rule 26 disclosures, all in contravention of this Honorable Court's previous orders.  Even if any of these individuals were to testify completely as expected by Plaintiff, he still falls woefully short in his burden of establishing that the various medical expenses he demands

compensation for are reasonable and customary charges as required by the No-Fault Act. M.C.L. 500.3107(1)(a) and M.C.L. 500.3157. *See also, Nasser,* 435 Mich at 49-50.

Furthermore, with regard to his attendant care claims, Plaintiff has supplied no basis for his demand of $15.00 per hour. Furthermore, he cannot rely on State Farm's previous payments (which were made in the amount of $12.00 per hour) to substantiate some portion of his demand. The mere fact that the insurer has made some payments to and/or on behalf of an insured does not establish liability for an injury and does not preclude in insurer from later asserting that it owes nothing at all. *See, Hammermeister v Riverside Ins Co*, 116 Mich App 552, 555-556; 323 NW2d 480 (1982); *Golumbia v The Prudential Ins Co*, 116 F3d 1480 (6th Cir 1997), citing *Hammermeister, supra*, and interpreting Michigan law; and F.R.E. 409. Indeed, F.R.E. 409 expressly provides, "Evidence of furnishing…medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury."

Although not referenced in the opinions, F.R.E. 409 is wholly consistent with *Hammermeister, supra*, and *Golumbia, supra. Hammermeister,* primarily involved application of a set-off for work loss benefits because at the time of the accident, the plaintiff was collecting "old-age" Social Security benefits. The case is very short on facts, but contains a significant discussion of a waiver/estoppel argument.

Specifically, the plaintiff argued that that defendant insurer could not assert a set-off because it had been paying wage loss claims previously without any consideration of the Social Security benefits she received. *Id.* at 556. The Court rejected this argument, writing:

9

> …the mere fact that the insurer paid some wage-loss benefits is insufficient by itself for us to hold that, in the event the insured filed suit objecting to the amount of benefits paid ,the insurer is precluded from asserting that it owes the insured nothing at all. An insurer might rationally conclude it is better to pay something on a suspect claim than to litigate the matter in the hope of paying nothing at all yet to take the position that it has no liability to the insured, where the insured files suit.

*Id.* at 556-557.[1]

Applying Michigan law, the United States Court of Appeals reached the same result in *Golumbia, supra.* In *Golumbia,* the plaintiff sought long-term disability benefits from the defendant insurer due to an eye injury. *Golumbia,* 116 F.3d 1480, *1. The insurer initially rejected the claim, but then reconsidered and determined that the plaintiff did, in fact, qualify for benefits. *Id.* It paid long-term disability benefits for nearly four years (1990 to 1994). In 1994, for the first time, the insurer requested copies of the plaintiff's federal tax returns for 1990 to 1992. *Id.* The returns disclosed that the plaintiff had earned significant income from his accounting practice, as well as management of a real estate. Consequently, the defendant terminated the plaintiff's receipt of benefits, *Id.*

On appeal, the Sixth Circuit rejected the identical waiver/estoppel argument as asserted in *Hammermeister, supra.* Specifically the Court determined that "…payment of insurance benefits for a specified period of time does not prevent an insurance company from later asserting that it owes no duty to pay those benefits." *Id.* at*3. In

---

[1] Notably, *Hammermeister* was modified by the Michigan Supreme Court on other grounds. *See, Hammermeister v Riverside Ins Co,* 419 Mich 872; 347 NW2d 696 (1984). Relying on its opinion in *Jarosz v Detroit Automobile Inter-Ins. Exchg,* 418 Mich 565; 345 NW2d 563 (1984), the Supreme Court determined that application of a set-off was inapplicable in this instance (i.e., "old age" Social Security benefits do not constitute income which could be considered when adjusting a work loss claim). However, it did not address in any respect the plaintiff's waiver/estoppel argument, and that analysis supplied by the Court of Appeals is intact.

doing so, the Court relied on *Hammermeister, supra,* as well as the Michigan Court of Appeals opinion in *Calhoun v Auto Club Ins Ass'n,* 177 Mich App 85, 89; 441 NW2d 54 (1989) ("Defendant is not estopped from arguing that it is not obligated to pay plaintiff medical benefits under its contract of no-fault insurance" even though it previously paid the plaintiff's medical expenses for nearly two years).

In this case, any reliance on State Farm's pre-suit attendant care payments is barred by F.R.E. 409 and *Hammermeister, et al*. Testimony or any documentary evidence to that effect has no legitimate purpose other than to establish liability for the injury at that specific amount. *See, contra, Douglas v. Allstate Ins. Co.,* 492 Mich. 241, 274-275; 821 NW2d 472 (2012), wherein the Supreme Court instructed that evidence of what is paid by commercial agencies to their employees may be taken into consideration by a jury in determining a reasonable rate for family provided attendant care.

The No-Fault Act clearly requires a plaintiff/claimant to supply evidence to establish that the charges demanded are reasonable and/or customary. Even under the most charitable review of his case as outlined in the parties' Joint Final Pre-Trial Order, Plaintiff will not be able to meet this burden. Therefore, any claims for various medical expenses and/or attendant care must be precluded from presentation to the jury.

## RELIEF REQUESTED

Therefore, based upon the foregoing argument and analysis, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that this Honorable Court enter an Order:

    a.    Granting its Motion in its entirety;

  b. Precluding Plaintiff's claims for various medical expenses and attendant care; and

  c. Granting it all other relief to which it is entitled.

          Respectfully submitted,

          **HEWSON & VAN HELLEMONT, P.C.**

          By: s/JAMES F. HEWSON
            JAMES F. HEWSON
            Attorneys for Defendant
            25900 Greenfield Rd., Ste. 326
            Oak Park, MI  48237
            (248) 968-5200
            hewson@vanhewpc.com

Dated:  November 26, 2012      (P27127)


## CERTIFICATE OF SERVICE

  I hereby certify that on November 26, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System which will send notification of such filing to the all counsel of record.

Dated:  November 26, 2012      s/James F. Hewson
            **Hewson & Van Hellemont, P.C.**
            Attorneys for Defendant
            25900 Greenfield Rd., Ste. 326
            Oak Park, MI  48237
            (248) 968-5200
            hewson@vanhewpc.com
            (P27127)