UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski,

    Plaintiff,

v.                                                                        Case No. 11-cv-13036

State Farm Mutual Automobile Insurance        Honorable Sean F. Cox
Company,

    Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION IN LIMINE TO STRIKE THE DEPOSITION
TESTIMONY OF DR. QUINT WITHOUT PREJUDICE**

In this automobile insurance benefits case, Plaintiff Jaroslaw Waskowski seeks to recover all accrued benefits that he contends he is entitled to under his policy with Defendant State Farm, due to injuries that he allegedly sustained in an automobile accident that occurred on December 23, 2009, together with interest, costs, fees, exemplary damages, and compensatory damages. This case is set to go to trial on Tuesday, December 27, 2012. The matter is currently before the Court on a motion in limine filed by the Plaintiff, which seeks to exclude the deposition testimony of Dr. Quint.

For the reasons set forth below, the Court **DENIES** Plaintiff's motion in limine seeking to exclude the deposition testimony of Dr. Quint. (Docket No. 42.)

**BACKGROUND**

The background of this case is set forth more fully in the parties' trial briefs. (*See* Docket Nos. 34, 39.)

**ANALYSIS**

1

**I.      Should the Court Exclude the Deposition Testimony of Dr. Quint?**

Dr. Quint is a board certified neurologist and the head of the Department of Neuroradiology at the University of Michigan. (Docket No. 34, at 6.) Defendant State Farm intends to call Dr. Quint as an expert witness to discuss the imaging studies of the Plaintiff's spine and nervous system in order to state his opinion about the Plaintiff's injuries to his nerves and spine that he allegedly suffered in the automobile accident. In its Trial Brief, the Defendant contends that "[Dr. Quint] reviewed all the MRI studies in this case and concluded that there was no evidence of any traumatic incident involving Plaintiff's spine and nerves." (*Id.*)

The Plaintiff contends that, since Dr. Quint has stated during his deposition testimony that he only "reviewed" the imaging studies conducted on the Plaintiff and that he will not give his opinion about whether Plaintiff was injured in the automobile collision, Dr. Quint's deposition testimony should be stricken. (Docket No. 42, at 2.) The Plaintiff asserts that "Dr. Quint's testimony adds nothing to this case and certainly does not provide this jury with evidence of any kind that they should take into consideration when deciding this case." (*Id.*) Accordingly, the Plaintiff requests that this Court strike the deposition testimony of Dr. Quint. (*Id.*)

The Defendant contends that Dr. Quint's deposition testimony is relevant and admissible, pursuant to Federal Rule of Evidence 401 and 402, respectively, and Dr. Quint is qualified as an expert, pursuant to Federal Rule of Evidence 702. (Docket No. 44, at 2.) The Defendant asserts that Dr. Quint is a board certified neuroradiologist retained to testify about the diagnostic imaging studies that Plaintiff intends to introduce at trial, which address the alleged injuries to Plaintiff's spine and nerves that he allegedly sustained during the automobile accident. (*Id.*) Defendant asserts that Dr. Quint testified that the diagnostic imaging studies do not show traumatic injury to his spine

and nerves, therefore, certain medical expenses were not reasonably necessary. The Defendant further asserts that Dr. Quint bases his opinion about the Plaintiff's diagnostic imaging studies on reliable methodology. (*Id.*) The Defendant requests that this Court either strike the Plaintiff's motion as improper, pursuant to Federal Rule of Civil Procedure 7(b)(1)(B), "for failing to state with particularity the grounds for seeking the order, or DENY Plaintiff's Motion in its entirety [because Dr. Quint's testimony satisfies Federal Rules of Evidence 401, 402, and 702]. (*Id.*)

The Defendant challenges whether the benefits claimed by the Plaintiff under his automobile insurance policy were reasonable and necessary under M.C.L. § 500.3107. Payable medical expenses under such policies are defined specifically as "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation . . . ." M.C.L. § 500.3107(1)(a). To qualify as an "allowable expense," three factors must be met: "'1) the charge must be reasonable, 2) the expense must be reasonably necessary, and 3) the expense must be incurred.'" *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50, 457 N.W.2d 637, 645 (1990) (quoting *Manley v. Detroit Auto. Inter-Ins. Exch.*, 425 Mich. 140, 169, 388 N.W.2d 216, 229 (1986)).

The Plaintiff offers no argument or authority for his assertion that the deposition testimony of Dr. Quint should be stricken. Furthermore, the Plaintiff has not provided the deposition testimony of Dr. Quint that he asks this Court to strike and has not provided this Court with any information whatsoever about the diagnostic studies or Dr. Quint. Accordingly, the basis for Plaintiff's motion to strike is unclear. In its response to the Plaintiff's motion to strike, the Defendant opines that the Plaintiff is making an argument under Federal Rules of Evidence 401, 402, and 702.

The Court shall deny the Plaintiff's motion without prejudice. The proffered testimony by

Dr. Quint appears relevant to the findings on Plaintiff's diagnostic imaging studies and whether the medical expenses incurred by the Plaintiff are reasonably necessary. Furthermore, based on Dr. Quint's qualifications, Dr. Quint seems competent to testify as an expert. Accordingly, the Court does not believe that his testimony should be excluded under Federal Rules of Evidence 402 and 702.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's motion in limine seeking to exclude the deposition testimony of Dr. Quint [Docket No. 42] is **DENIED**.

IT IS SO ORDERED.[1]

                                                   S/Sean F. Cox  
                                                   Sean F. Cox  
                                                   United States District Judge

Dated: November 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2012, by electronic and/or ordinary mail.

                                                 S/Jennifer McCoy  
                                                 Case Manager

---

[1] The Court recognizes that it is making the above ruling before trial has commenced and that it is possible, given the proofs presented at trial, that changed circumstances may warrant reconsideration as to this ruling. The Court is not precluding either party from raising such issues during trial, if so warranted.