UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski,

    Plaintiff,

v.                                                                                                  Case No. 11-cv-13036

State Farm Mutual Automobile Insurance                          Honorable Sean F. Cox
Company,

    Defendant.
_____/

**OPINION & ORDER
DENYING WITHOUT PREJUDICE DEFENDANT'S MOTIONS IN LIMINE TO
STRIKE THE DEPOSITION TESTIMONY OF DR. STEFAN GLOWACKI AND TO
PRECLUDE PLAINTIFF'S MEDICAL EXPENSES CLAIMS**

In this automobile insurance benefits case under the Michigan No-Fault Act, Plaintiff Jaroslaw Waskowski seeks to recover all accrued first party benefits that he contends he is entitled to under his policy with Defendant State Farm, due to injuries that he allegedly sustained in an automobile accident that occurred on December 23, 2009, together with interest, costs, fees, exemplary damages, and compensatory damages. The Plaintiff's alleges that the benefits that he is entitled to, under the Michigan No-Fault Act and the terms of his policy, include outstanding medical and prescription drug bills, wage loss, household help, and attendant care claims. (Docket No. 48.)

The matter is currently before the Court on two motions in limine filed by the Defendant, which (1) seek to exclude the deposition testimony of Dr. Stefan Glowacki and (2) seek to preclude Plaintiff's medical expenses claims. (Docket No. 50–51.)

For the reasons set forth below, the Court **DENIES** Defendant's motions in limine.

**BACKGROUND**

The background of this case is set forth more fully in the parties' trial briefs and the Joint Final Pretrial Order.  (*See* Docket Nos. 34, 39, 53.)

**ANALYSIS**

**I.      Should the Court Exclude the Deposition Testimony of Dr. Stefan Glowacki?**

The Defendant asserts that the deposition testimony of Dr. Glowacki is irrelevant under Federal Rule of Evidence 402 and is not based on reliable principles and methods reliably applied to the facts of this case under Federal Rule of Evidence 702.  The Defendant contends that, during his deposition testimony, Dr. Glowacki never rendered any conclusion within a reasonable degree of scientific certainty and demonstrated that his opinions about the Plaintiff's alleged injuries were unreliable.  The Defendant elaborates:

> For example, [Dr. Glowacki] admits that he will continue to author prescriptions and order treatment even if the treatment is not working, and, as such is not medically necessary for the patient.  He also prescribes attendant care and home modifications, not knowing whether Plaintiff, in this case, truly needs such services or not, and invents prescriptions just so that attendant care providers and others get paid. Even as it pertains to the benefits which he demands (i.e., payment for medical services), Dr. Glowacki failed to supply any testimony concerning the purported reasonableness of his fees and where they fall within others that he customarily charges.

Furthermore, the Defendant contends that Dr. Glowacki's deposition testimony is prohibited under Federal Rule of Evidence 403 because any probative value from this testimony is marginal, at best, and is substantially outweighed by the wasted time and resources that would be expended to consider such material.

The Court shall deny the Defendant's motion without prejudice.  The deposition testimony of Dr. Glowacki appears relevant to whether the medical expenses incurred by the Plaintiff were

reasonably necessary under M.C.L. § 500.3107, especially since he prescribed much of the medication and treatment. Furthermore, Dr. Glowacki is a licensed medical doctor, who specializes in orthopedic surgery and has practiced in that field since 1960. (Docket 50-3, at 6.) Dr. Glowacki's qualifications and experience in that field surely suggest that he has specialized knowledge that would helpful to the jury in determining the extent of the Plaintiff's injuries and whether the Plaintiff's medical expenses were reasonably necessary. Accordingly, the Court does not believe that his testimony should be excluded under Federal Rules of Evidence 402 and 702. For the aforementioned reasons, the Court also does not believe that Dr. Glowacki's deposition testimony will needlessly waste this Court time so as to substantially outweigh its probative value under Federal Rule of Evidence 403.

**II.     Should the Court Preclude the Plaintiff's Medical Expenses Claims?**

The Defendant contends that, in order for an insurer to be liable for medical expenses under the Michigan No-Fault Act for first party claims, arising out of an automobile insurance policy, those expenses must be reasonable in amount and reasonably necessary to the insured's care, recovery, or rehabilitation. The Defendant asserts that it is evident from the parties' Joint Final Pre-Trial Order that Plaintiff will not be able to supply the jury with sufficient evidence to establish either of those requirements because (1) Dr. Glowacki supplied no testimony, during his deposition, as to the reasonableness of his charges and treatment; (2) the unidentified lay witnesses from Oakland MRI's and Euro Rehab's billing departments can only testify with regard to Plaintiff's outstanding bills with those entities; and (3) the Plaintiff provides no basis for his attendant care claims.

The Defendant challenges whether the benefits claimed by the Plaintiff under his automobile

insurance policy were reasonable and necessary under M.C.L. § 500.3107. Payable medical expenses under such policies are defined specifically as "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation . . . ." M.C.L. § 500.3107(1)(a). To qualify as an "allowable expense," three factors must be met: "'1) the charge must be reasonable, 2) the expense must be reasonably necessary, and 3) the expense must be incurred.'" *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50, 457 N.W.2d 637, 645 (1990) (quoting *Manley v. Detroit Auto. Inter-Ins. Exch.*, 425 Mich. 140, 169, 388 N.W.2d 216, 229 (1986)).

With regard to the Defendants assertions about Dr. Glowacki's deposition testimony. For the reasons mentioned in the previous section, the Court shall DENY this motion. The Court believes that his testimony is probative as to whether the Plaintiff's medical expenses were reasonably necessary. Dr. Glowacki provided a post-accident diagnosis of herniated disk; ruptured disk; fractured ribs; possible fractured sternum; head injury; and contusion of the neck, back and chest. (Docket No. 50-3 at 12, l. 5–9.) He, initially, prescribed physical therapy, ordered MRI testing, and prescribed various medications to treat the Plaintiff's alleged injuries. (*Id.* at 13–14.) It is for the jury to weigh his credibility.

Next, this Court agrees that lay witnesses who testify, without foundation, with regard to MRI bills are generally not qualified to testify with regard to whether those tests were reasonably necessary to treat the Plaintiff's injuries. Defendant's argument, in this regard, is unclear. Regardless, this Court believes that this argument does not affect this Court's holding in any way, especially since the Plaintiff has not suggested that he intends to use those witnesses for that purpose and the motion appears to be premature.

4

Furthermore, this Court is unaware of the Plaintiff advancing an argument, at this point in the proceedings, that his attendant care claims for $15 per hour is reasonable because Defendant State Farm previously paid $12 per hour for the Plaintiff's attendant care before it denied his claim. This Court believes that the reasonableness of those fees are an issue of fact, not of law, for the jury to resolve.

Finally, the basis for the preclusion of the Plaintiff's medical expenses claims is unclear. The Defendant cites to case law interpreting M.C.L. § 500.3107 and that statute's plain language. Again, what is "reasonable" or "customary" medical expenses, for the purpose of that statute, is a question of fact for the jury to decide, not a question of law. The Defendant does not cite to any provision in that statute or case law that asserts that certain procedures or medical treatments that Dr. Glowacki prescribed are unreasonable as a matter of law.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' motions in limine [Docket Nos. 50–51] are **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

5