UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

        Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

Macomb County Circuit Court
Case No.  10-106869-NI

U.S. District Court Case No. 11-cv-13036

Honorable Sean Cox

Lee Roy H. Temrowski, Jr. P-31967
Attorney for Plaintiff
45109 Van Dyke Ave.
Utica, MI 48317
(586) 254-5566

HEWSON & VAN HELLEMONT, P.C.
Mr. Michael J. Jolet
Attorney at Law
25900 Greenfield Road, Suite 326
Oak Park, MI 48237
(248) 968-5200
_____/

## PLAINTIFF'S MOTION TO ALLOW JURY INSTRUCTION 6.01

    NOW COMES the Plaintiff, Jaroslaw Waskowski, by and through his attorney, Lee Roy H. Temrowski, Jr., and for his Motion to Allow Jury Instruction 6.01, states as follows:

    1. Plaintiff is requesting that this Honorable Court incorporate into the Jury Instructions to be read to the jury in this cause of action Michigan Civil Jury Instruction 6.01 Failure to Produce Evidence or a Witness.

    2. In this case, throughout this trial, Defendant has repeatedly objected to the introduction into evidence Defendant's first IME report from Dr. Endress dated October 25, 2010 and has also repeatedly objected to the introduction into evidence Dr. Endress's Addendum to his report dated November 16, 2010.

3. It should be reiterated that the Joint Final Pretrial Order that was entered by the court in this matter on November 27, 2012 under the section entitled "Plaintiff's Exhibits" that Plaintiff's first Exhibit #1 in that order is the "Plaintiff's PIP file".

4. It should also be reiterated that in the Joint Final Pretrial Order dated November 27, 2012 that under the section entitled Defendant's Exhibits that the first listed exhibit for Defendant's item #1 is "pertinent portions of Plaintiff's claim file".

5. It should also be reiterated that in the document entitled "exhibits", that as Plaintiff's Exhibit "R", Plaintiff clearly identified the exhibits to the deposition of Dr. Geiringer which include Dr. Endress's report of October 25, 2010 and Dr. Endress's report of November 16, 2010.

6. It was Defendant who requested that Dr. Endress perform an IME on Mr. Waskowski.

7. Mr. Waskowski attended the IME with Dr. Endress.

8. Dr. Endress prepared two reports dated October 25, 2010 and November 16, 2010 and those reports were sent by Dr. Endress to the claim's adjustor at State Farm.

9. On December 2, 2010 the claim's adjustor wrote a letter to Plaintiff terminating PIP benefits for attendant care and replacement services effective 12/02/2010.

10. The claim's adjustor sent Plaintiff the two above-referenced reports authored by Dr. Endress.

11. Defendant, State Farm's denial of further PIP benefits was based upon Dr. Endress's two reports.

12. Defendant cannot have it both ways. Either the two reports of Dr. Endress should come into evidence in this case or, if not, then Standard Jury Instruction 6.01 is an appropriate instruction to be given to the jury.

13. Clearly, these reports are evidence under the control of the Defendant and could have been produced by Defendant and no reasonable excuse for Defendant's failure to produce this evidence was given.

14. Standard Jury Instruction 6.01 does "not" state that the evidence has to be **"exclusively"** under the control of the Defendant.

15. Further, Defendant did not produce the testimony of Dr. Endress and again this evidence was under the control of Defendant as he was their IME physician.

WHEREFORE, Plaintiff, Jaroslaw Waskowski, prays that this Honorable Court incorporate Michigan Standard Jury Instruction 6.01 into the Jury Instructions to be given to the jury in this matter.

Respectfully submitted,

/s/ Lee Roy H. Temrowski, Jr.

Dated: December 3, 2012

_____
Lee Roy H. Temrowski, Jr.
Attorney for Plaintiff

**BRIEF**

Michigan Civil Jury Instruction 6.01 entitled "Failure to Produce Evidence or a Witness".

This instruction is appropriate and should be given in this matter because Defendant has not produced either the testimony of Dr. Endress and has not produced two of the medical reports that he authored and sent to State Farm regarding his opinions, finding and conclusions after examining Plaintiff.

Despite the fact that Dr. Endress's two reports are in the PIP claims file and despite the fact that Plaintiff's PIP claim file was clearly identified as an exhibit in the Joint Final Pretrial Order, Defendant objects to the introduction of these reports into evidence.

3

Further, the Exhibit List in this matter clearly identifies Dr. Endress's two reports as Exhibit "R" as they were both exhibits to the deposition of Dr. Geiringer.

These two reports should be received by the court and introduced into evidence as exhibits in this matter per the Joint Final Pretrial Order, but nonetheless Defendant repeatedly objects to the introduction of these reports into evidence which is contrary to the court's order.

If these documents are not introduced into evidence as exhibits then clearly it is appropriate for this Court to give a specific Jury Instruction that being SJI 6.01.

Respectfully submitted,

/s/ Lee Roy H. Temrowski, Jr.

_____

Dated: December 3, 2012

Lee Roy H. Temrowski, Jr.
Attorney for Plaintiff

**Proof of Service**

I served this document by mailing it to the attorneys of record in this case (shown on the caption) on December 3, 2012.

I declare that the statements above are true to the best of my knowledge, information and belief.

/s/ Sheri Pregano