UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036

Honorable Sean Cox
Magistrate Judge Majzoub

| Lee Roy H. Temrowski (P31967) | James F. Hewson (P27127) |
|---|---|
| Attorney for Plaintiff | Hewson & Van Hellemont, P.C. |
| 45109 Van Dyke Ave. | Attorneys for State Farm |
| Utica, MI 48317 | 25900 Greenfield, Suite 326 |
| (586) 254-5566 | Oak Park, MI 48237 |
| | (248) 968-5200 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALLOW JURY INSTRUCTION 6.01

NOW COMES the Defendant, State Farm Mutual Automobile Insurance Company, by and through its Attorneys, HEWSON & VAN HELLEMONT, P.C., and by way of response to the Plaintiff's Motion to Allow Jury Instruction 6.01 respectfully represents as follows:

1.    That the Plaintiff has had more than adequate opportunity to obtain the deposition of Dr. Zachary Endress and had notice of Dr. Endress's reports at least since the filing of this action and had failed and/or refused to take Dr. Endress's deposition or otherwise attempt to lay the foundation for the presentation of those reports in his case in chief.

2. That Plaintiff did not list Dr. Endress as an expert witness on his portion of the Final Pre-Trial Order, and Dr. Endress was not listed as an expert by the Defendant in that Final Pre-Trial Order.

3. That the Plaintiff did not list Dr. Endress's reports as exhibits in the Final Pre-Trial Order and specifically did not list them on the Joint Exhibit List submitted pursuant to this Court's Trial Order.

4. That, at all times pertinent hereto, Dr. Endress was available as a witness to the Plaintiff and the Plaintiff never took any steps to present him to the jury for any purpose.

5. That Defendant's foundational objections do not constitute a basis upon which to grant the jury instruction requested by the Plaintiff.

6. Further, the fact that the Plaintiff in this matter has attempted to introduce Dr. Endress's reports through the deposition of Dr. Geiringer does not lay the foundation for the introduction of any document unless and until Dr. Geiringer's deposition is presented; the Plaintiff has not presented Dr. Geiringer as his witness and can, therefore, not argue that there is foundation from that deposition that has not yet been presented in this case.

7.  The Plaintiff has not cited any legal authority for his proposition that special jury instruction 6.01 should be presented to the jury and, in fact, as appears from the brief attached hereto, there is no legal authority for giving this particular instruction in this particular case.

WHEREFORE, the Defendant prays that this Honorable Court deny the Plaintiff's Motion to give Jury Instruction 6.01 and grant the Defendant such other and further relief as shall be in accord with equity and good conscience.

                                    Respectfully submitted,

                                    **HEWSON & VAN HELLEMONT, P.C.**

                                    By:   s/JAMES F. HEWSON
                                           JAMES F. HEWSON
                                           Attorneys for Defendant
                                           25900 Greenfield Rd., Ste. 326
                                           Oak Park, MI 48237
                                           (248) 968-5200
                                           hewson@vanhewpc.com

Dated: December 4, 2012               (P27127)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAROSLAW WASKOWSKI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 11-CV-13036

Honorable Sean Cox
Magistrate Judge Majzoub

| Lee Roy H. Temrowski (P31967)<br>Attorney for Plaintiff<br>45109 Van Dyke Ave.<br>Utica, MI 48317<br>(586) 254-5566 | James F. Hewson (P27127)<br>Hewson & Van Hellemont, P.C.<br>Attorneys for State Farm<br>25900 Greenfield, Suite 326<br>Oak Park, MI 48237<br>(248) 968-5200 |
| --- | --- |

## BRIEF IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ALLOW JURY INSTRUCTION 6.01

The leading case regarding this particular theory of the law as embodied in special jury instruction 6.01 **Barringer v. Arnold, 358 Mich.594, 101 N.W2d 365 (1960)**.

The Supreme Court of Michigan engaged in an analysis of the inference that the Plaintiff is trying to impose on the Defendant in this case. The Supreme Court cited 31 CJS Evidence, Section 156, at page 858 for the proposition, that,

> "It has been laid down in a large number of cases that where a witness is equally available or accessible to both parties, no presumption or inference against either party can arise by reason of his failure to call such witness." **358 Mich. 594 at 605**

4

The Court likewise cited 20 AM. Jur., page 193 for the proposition that:

"Furthermore, it is a general rule that a party is not to be prejudiced by his failure to call a witness who is equally available to the other party." ***358 Mich. 594 at 605***

The Plaintiff cannot claim that he had no knowledge of Dr. Endress. As early as February 1, 2012, he was listed as a potential expert witness by State Farm. In his representation to the court on December 3, 2012, Mr. Temrowski admitted that his client had received copies of these reports back 2010.

Since that period of time, the Plaintiff has been required to file witness and exhibit lists. Dr. Endress was not included on any of the Plaintiff's witness lists. Dr. Endress's reports were never included on an exhibit list. In fact, in this Court's Trial Order of October 29, 2012, the parties were to meet and submit a proposed list of agreed upon exhibits by Friday, November 16, 2012. Not only did the Plaintiff fail to meet with the Defendant, but the Plaintiff failed to timely file even his portion of the exhibit list. When the Court granted the Plaintiff an extension of time to meet with the Defendant and prepare the exhibit list, there was no reference to introducing the claims file or Dr. Endress's report.

The attempts to enter this report through these lay witnesses is simply another surprise tactic interjected by the Plaintiff and for which the Defendant cannot adequately prepare.

Finally, the Plaintiff's present allegations that Dr. Endress's reports are the "Linch pen" of the Plaintiff's case is completely contrary to the documentary representations that Plaintiff has made to this Court up to this point in the trial.

5

The Plaintiff's Trial Brief, filed late on November 20, 2012, includes no reference to the reports of Dr. Endress. The Plaintiff's theory of the case, submitted to the Court on November 26, 2012, to be read to the jury, includes no reference to the reports of Dr. Endress. The Joint Final Pre-Trial Order finally concluded by the Plaintiff and entered on November 27, 2012, does not include any reference by the Plaintiff to either the records or the testimony of Dr. Endress.

The Defendant does not waive any of the other evidentiary objections that would arise from the Plaintiff's attempt to improperly introduce the records of others through the claim file. Suffice it to say that the Plaintiff had more than adequate opportunity to avail himself of the alleged beneficial opinion of Dr. Endress by following the normal procedures of this Court. The Plaintiff had full and complete access to Dr. Endress throughout this matter and his failure to avail himself of that access does not constitute a foundation upon which to premise a presentation of Michigan Civil Jury Instruction 6.01. The Plaintiff is not prejudiced in any way.

The Defendant has attached a copy of the ***Barringer v. Arnold,*** *supra*, case for ease of reference for the Court.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By:   s/JAMES F. HEWSON
         JAMES F. HEWSON
         Attorneys for Defendant
         25900 Greenfield Rd., Ste. 326
         Oak Park, MI  48237
         (248) 968-5200
         hewson@vanhewpc.com
Dated:  December 4, 2012         (P27127)

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System which will send notification of such filing to the all counsel of record.

Dated:  December 4, 2012                         s/James F. Hewson
                                                 **Hewson & Van Hellemont, P.C.**
                                                 Attorneys for Defendant
                                                 25900 Greenfield Rd., Ste. 326
                                                 Oak Park, MI  48237
                                                 (248) 968-5200
                                                 hewson@vanhewpc.com
                                                 (P27127)

# BARRINGER V. ARNOLD

## 358 MICH.594, 101 N.W.2d 365 (1960)

Westlaw.

101 N.W.2d 365  
358 Mich. 594, 101 N.W.2d 365  
(Cite as: 358 Mich. 594, 101 N.W.2d 365)

Page 1

Supreme Court of Michigan.
Betty BARRINGER, Plaintiff and Appellant,
v.
John ARNOLD and Robert L. Vossen, Defendants and Appellees.

No. 30.
Feb. 25, 1960.

Automobile accident case. The Circuit Court for the County of St. Clair, Edward T. Kane, J., entered judgment on jury's verdict for defendants and denied plaintiff's motion for new trial, and plaintiff appealed. The Supreme Court, Carr, J., held that under the circumstances an instruction that plaintiff's failure to produce as a witness her mother who was also a passenger in automobile in which plaintiff was a passenger or to explain why mother was not produced gave rise to inference prejudicial to plaintiff was reversible error.

Reversed and remanded for new trial.

West Headnotes

[1] Automobiles 48A €—245(13)

48A Automobiles
   48AV Injuries from Operation, or Use of Highway
      48AV(B) Actions
         48Ak245 Questions for Jury
            48Ak245(2) Care Required and Negligence
               48Ak245(13) k. Vehicles Meeting. Most Cited Cases
   In action for injuries sustained by passenger in southbound automobile colliding on west side of traveled portion of highway with defendants' northbound automobile, the evidence, including evidence of defendant driver that he turned to the west to avoid automobile which suddenly emerged from private driveway and that he attempted to avoid collision with passenger's automobile by applying brakes in an attempt to "spin" automobile on pavement, raised question for jury as to whether defendant driver was negligent.

[2] Automobiles 48A €—246(21)

48A Automobiles
   48AV Injuries from Operation, or Use of Highway
      48AV(B) Actions
         48Ak246 Instructions
            48Ak246(21) k. Acts in Emergencies. Most Cited Cases
   In automobile accident case, instruction on emergency doctrine sufficiently advised jury that doctrine would not apply if emergency resulted from conduct of defendant motorist seeking to invoke benefit of doctrine.

[3] Automobiles 48A €—159

48A Automobiles
   48AV Injuries from Operation, or Use of Highway
      48AV(A) Nature and Grounds of Liability
         48Ak159 k. Acts in Emergencies. Most Cited Cases
   Under "emergency doctrine", a motorist who is suddenly faced with unusual or unsuspected situation is required to act as reasonably prudent man would or might act under same or similar circumstances; however, if emergency is brought about by his own carelessness and recklessness, the doctrine is inapplicable.

[4] Appeal and Error 30 €—1064.1(3)

30 Appeal and Error
   30XVI Review
      30XVI(J) Harmless Error
         30XVI(J)18 Instructions
            30k1064 Prejudicial Effect
               30k1064.1 In General
                   30k1064.1(2) Particular Cases

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

101 N.W.2d 365  
358 Mich. 594, 101 N.W.2d 365  
**(Cite as: 358 Mich. 594, 101 N.W.2d 365)**

Page 2

          30k1064.1(3) k. Automobile Cases in General. Most Cited Cases  
   (Formerly 30k1064(1))

**Automobiles 48A ⟸246(57)**

48A Automobiles  
   48AV Injuries from Operation, or Use of Highway  
      48AV(B) Actions  
         48Ak246 Instructions  
           48Ak246(39) Applicability to Pleadings and Evidence  
           48Ak246(57) k. Proximate Cause of Injury. Most Cited Cases  
   In action for injuries sustained by passenger in southbound automobile colliding on west side of traveled portion of highway with northbound automobile driven by defendant who claimed that he turned to west to avoid automobile which suddenly emerged from private driveway, repeated references in charge to "the proximate cause" was reversible error, where there was evidence that any negligence of defendant may not have been sole proximate cause and that negligence of passenger's driver or negligence of driver of automobile emerging from private driveway may have contributed to the accident.

**[5] Negligence 272 ⟸422**

272 Negligence  
   272XIII Proximate Cause  
      272k420 Concurrent Causes  
         272k422 k. Possibility of Multiple Causes. Most Cited Cases  
   (Formerly 272k61(1))

**Negligence 272 ⟸484**

272 Negligence  
   272XV Persons Liable  
      272k484 k. Joint and Several Liability. Most Cited Cases  
   (Formerly 272k15)  
   An injury and cause of action may result from more than one concurring acts of negligence, and where injury results from concurrent negligence of two or more persons, each proximately contributing to the result, recovery may be had against one or more, and it is not essential to recovery that defendant's negligence be sole cause of plaintiff's injury.

**[6] Appeal and Error 30 ⟸1064.1(9)**

30 Appeal and Error  
   30XVI Review  
      30XVI(J) Harmless Error  
         30XVI(J)18 Instructions  
           30k1064 Prejudicial Effect  
              30k1064.1 In General  
                 30k1064.1(9) k. Evidence and Witnesses, Instructions Relating To. Most Cited Cases  
   (Formerly 30k1064(1))

**Trial 388 ⟸234(8)**

388 Trial  
   388VII Instructions to Jury  
      388VII(C) Form, Requisites, and Sufficiency  
         388k231 Sufficiency as to Subject-Matter  
           388k234 Evidence and Matters of Fact in General  
              388k234(8) k. Failure of Party to Testify or to Call Witness or Produce Evidence. Most Cited Cases  
   In action for injuries sustained by passenger in automobile colliding with defendant's approaching automobile, instruction that passenger's failure to produce as a witness her mother who was also a passenger or to explain why mother was not produced gave rise to inference prejudicial to passenger was reversible error, where mother was not a member of passenger's household, and defendants knew that mother was passenger and could have subpoenaed mother if they had desired to do so, and passenger and her driver were in front seat and so were in a better position to make observations as to movements of defendants' automobile than was mother who was in back seat.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

101 N.W.2d 365  
358 Mich. 594, 101 N.W.2d 365  
**(Cite as: 358 Mich. 594, 101 N.W.2d 365)**

Page 3

[7] Evidence 157 ⇒75

157 Evidence  
    157II Presumptions  
        157k74 Evidence Withheld or Falsified  
            157k75 k. In General. Most Cited Cases

The failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party.

[8] Evidence 157 ⇒78

157 Evidence  
    157II Presumptions  
        157k74 Evidence Withheld or Falsified  
            157k78 k. Suppression or Spoliation of Evidence. Most Cited Cases

The rule that failure to call witness to transaction gives rise to prejudicial inference is directed against suppression of proof that should be produced to assist in a proper determination of the pending litigation.

[9] Evidence 157 ⇒77(1)

157 Evidence  
    157II Presumptions  
        157k74 Evidence Withheld or Falsified  
            157k77 Failure to Call Witness  
                157k77(1) k. In General. Most Cited Cases

The mere omission of party to civil action to call witness who, at the most, has no other or better knowledge of the matter in dispute than those who are produced and give evidence, does not necessarily give rise to prejudicial inference.

[10] Evidence 157 ⇒77(3)

157 Evidence  
    157II Presumptions  
        157k74 Evidence Withheld or Falsified  
            157k77 Failure to Call Witness  
                157k77(3) k. Witnesses Equally Within Reach of the Parties in General. Most Cited Cases

Where a witness is equally available or accessible to both parties, no presumption or inference against either party can arise by reason of failure to call such witness.

[11] Evidence 157 ⇒77(1)

157 Evidence  
    157II Presumptions  
        157k74 Evidence Withheld or Falsified  
            157k77 Failure to Call Witness  
                157k77(1) k. In General. Most Cited Cases

The failure to call all the witnesses to a transaction gives rise to no prejudicial inference if it may reasonably be anticipated that witnesses not called would give merely cumulative testimony.

*596 **366 Schlee, McIntosh, Simpson & Oppliger, Port Huron, for plaintiff and appellant.

Said M. Touma and Loyall G. Watson, Port Huron, for defendants and appellees.

Before the Entire Bench.

CARR, Justice.

Plaintiff brought this action in circuit court to recover damages for personal injury sustained in a traffic accident. On February 15, 1957, at about 5 o'clock in the afternoon, she was riding in an automobile driven by her husband in a southerly direction on a public street in the city of St. Clair. A motor vehicle owned by defendnat Arnold and driven by defendant Vossen was at the time proceeding in a northerly direction on said street. For reasons that are in dispute the cars came in contact on the west side of the traveled portion of the highway, a *597 blacktop road approximately 24 feet in width at the point in question. As a result of the collision plaintiff was injured.

In the declaration filed in the case plaintiff alleged that Vossen, hereinafter referred to as the defendant, was negligent in the operation of the automobile owned by Mr. Arnold and driven at the time

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:11-cv-13036-SFC-MKM ECF No. 58, PageID.665 Filed 12/04/12 Page 12 of 16

with his knowledge and consent. Specifically it was charged that defendant was driving at an excessive rate of speed, that he did not have his vehicle under proper control, that he was proceeding in a careless and heedless manner, and that he negligently crossed the center line of the highway. It was the claim of the defendant on the trial of the case in circuit court that he was not driving at an excessive rate of speed or otherwise in a negligent manner, that an automobile suddenly came from a private driveway and entered the highway in front of him, that he attempted to avoid striking said car by turning to his left, that the then observed the proximity of the Barringer car, and that in endeavoring to avoid a collision with either of the vehicles he applied his brakes in an attempt to 'spin' his car **367 on the pavement. His testimony in this respect is corroborated to some extent by that of a police officer of the city of St. Clair who arrived on the scene shortly after the accident had occurred, and who testified as to the skid marks that he observed on the pavement. It further appears that the Barringer car was damaged on its left side and the condition of the defendant's vehicle after the impact indicated that the front right corner thereof had come in contact with the automobile in which plaintiff was riding.

A witness on behalf of defendant corroborated the latter's claims as to the attempted spinning operation and also the entrance into the highway of an automobile driven by a third party. Plaintiff and her husband both denied observing any such other vehicle. *598 It was their claim in substance that defendant crossed the center line of the road and thereby caused the accident. The case was tried before a jury which returned a verdict in favor of defendants. Plaintiff's motion for a new trial was denied and she has appealed. It is claimed in her behalf that certain prejudicial errors occurred in the course of the trial of such character as to constitute grounds for reversal.

[1] At the conclusion of the proofs counsel for plaintiff requested that the court instruct the jury that defendant was guilty of negligence as a matter of law. The trial judge denied the request, and properly so. The testimony was in dispute as to how and why the accident occurred. Defendant in his testimony denied operating his vehicle in a negligent manner. It was his claim that he was confronted by a sudden emergency that resulted from the act of a third person whose identity was not disclosed by the proofs on the trial, that he was not responsible for the occurrence of such emergency, that faced therewith he undertook to avoid the accident by resorting to the attempted action described by him, that he knew that it was possible to spin an automobile and bring it to a sudden stop in that manner, that he had previously undertaken to do so, with success, and that no other possible way of avoiding a collision occurred to him at the time. Plaintiff's proofs were at variance with those of defendant. Under the circumstances it rested with the jury as the trier of the facts to weigh the testimony of the witnesses and to determine on the basis of all the evidence in the case the issue as to defendant's negligence.

[2][3] Complaint is also made that the trial judge in submitting the case to the jury charged with reference to the so-called emergency rule without specifically referring in the first instance to the qualification of said rule, in other words, without advising the jury that the rule would not apply if the emergency resulted *599 from the conduct of the one seeking to invoke its benefit. However, immediately following the reference to the effect of a sudden emergency the jury was charged as follows:

'The emergency doctrine in law means that a person who is operating a motor vehicle and suddenly is faced with an unusual or unsuspected situation is required to act as a reasonably prudent man would or might act under the same or similar circumstances; that is act as a reasonably prudent man would under like circumstances, however, if this emergency is brought about by his own carelessness and recklessness or negligent acts, then the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

emergency doctrine itself, of course, does not apply. If in this case you find that there was an emergency situation but you find that Mr. Vossen's acts brought about this situation, you will not then apply the emergency doctrine to the case as I have previously given it to you.'

In view of the language quoted we do not think that there could have been any misunderstanding on the part of the jurors as to the proper application of the emergency rule. The claim of prejudicial error in the charge with reference thereto is not well-founded.

**\*\*368** [4][5] Complaint is also made on behalf of appellant that in the charge to the jury repeated references were made to 'the proximate cause' of the accident and plaintiff's injuries therein. It is contended that the jury might have understood that there was no liability unless the negligence of the defendant was the *sole* proximate cause of the collision of the automobiles. This Court has repeatedly held that an injury and cause of action may result from more than one concurring acts of negligence. Thus in Gleason v. Hanafin, 308 Mich. 31, 37, 13 N.W.2d 196, 198, it was said:

'There may be two contributing causes of an injury. Welch v. Jackson & Battle Creek Traction Co., 154 Mich. 399, 177 N.W. 898. Where injury results from concurrent negligence of two or more persons, each proximately **\*600** ibuting to the result, recovery may be had against one or more. Banzhof v. Roche, 228 Mich. 36, 199 N.W. 607. It is not essential to recovery that defendants' negligence be the sole cause of plaintiff's injury. Camp v. Wilson, 258 Mich. 38, 241 N.W. 844. There may be two proximate causes of an accident. Fitzcharles v. Mayer, 284 Mich. 122, 278 N.W. 788; Bordner v. McKernan, 294 Mich. 411, 293 N.W. 889; Wallace v. Kramer, 296 Mich. 680, 296 N.W. 838.'

See, also, Tracy v. Rublein, 342 Mich. 623, 631, 70 N.W.2d 819.

In Sedorchuk v. Weeder, 311 Mich. 6, 18 N.W.2d 397, 399, the Court, citing prior decisions, recognized the principle of law that there may be more than one proximate cause of an accident and held that the trial judge committed reversible error in referring throughout his charge to the jury to 'the proximate cause.' The Court declared that the charge as given 'was tantamount to an instruction that, before plaintiff could recover, he must show that defendant's negligence was 'the sole' proximate cause of the accident.' Under the proofs in the instant case the jury may have concluded that the party proceeding from the private drive to the public highway (assuming the correctness of defendant's proofs), or the driver of the automobile in which plaintiff was riding, or both, were guilty of negligence constituting contributing factors to the accident, and that defendant's negligence, if such there was, was not the sole proximate cause. In view of the proofs it is quite possible that the form of the charge as given resulted in prejudice to plaintiff's right to recover. Such being the case it must be considered erroneous.

[6] At the time of the accident plaintiff and her husband were riding in the front seat of their automobile. In the rear seat were Mrs. Barringer's mother, Mrs. Hattie Martin, and two small children. At the time of the trial Mrs. Martin, as appears from the testimony, was 76 years of age. She was not called as a witness nor was any explanation offered on behalf of either **\*601** party as to why she was not produced. At the request of defendant the trial court charged the jury as follows:

'In this case, the record shows that Mrs. Martin, the mother of Mrs. Barringer, was a passenger in the Barringer auto at the time of the accident and she has not been here produced as a witness nor has her absence been explained. The failure or refusal of a party to produce evidence within his possession or control raises a presumption that the evidence, if produced, would have operated against him and in your deliberation in this case you are entitled to assume that if Mrs. Martin were produced as a

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

101 N.W.2d 365  
358 Mich. 594, 101 N.W.2d 365  
**(Cite as: 358 Mich. 594, 101 N.W.2d 365)**

Page 6

witness, her testimony would be unfavorable to the claim of the plaintiff in this case.'

On behalf of plaintiff it is insisted that such charge was erroneous and prejudicial. It is claimed in substance that defendant might have subpoenaed Mrs. Martin had her testimony been desired. It is further urged that, inferentially at least, her testimony, had she been a witness, would have been merely cumulative to that of plaintiff and **\*369** her husband. Plaintiff's argument is in substance that under the facts involved in the case no inference prejudicial to her should be permitted to be drawn because of the fact that she did not produce her mother as a witness in her behalf.

[7] In Brandt v. C. F. Smith & Co., 242 Mich. 217, 222, 218 N.W. 803, 804, it was said:

'Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him; and every intendment will be in favor of the opposite party. Cole v. Lake Shore & M. S. Railway Co., 81 Mich. 156, 45 N.W. 983; Griggs v. Saginaw & F. Railway Co., 196 Mich. 258, 162 N.W. 960.'

Involved in the case was the alleged failure of the defendant to produce its records, and also officers and agents that presumably had knowledge of the \*602 transactions involved in the litigation. Of like import is Leeds v. Masha, 328 Mich. 137, 43 N.W.2d 92, which was an action for damages sustained in an automobile accident. One of the defendants, who was the driver of the vehicle owned by the other defendant, was not called as a witness nor was any explanation made as to the failure to call him. The rule as generally stated permits the raising of the inference referred to by the trial judge in his charge to the jury when the failure or refusal of a party to produce evidence has reference to the proof, or means of proof, subject to the 'control' of such party. The circuit judge correctly stated the rule, but the question before us is whether it is applicable under the facts here presented.

[8] The record discloses that Mr. and Mrs. Barringer resided at the time of the trial, as well as at the time of the accident, in the city of St. Clair. Mrs. Martin lived in Marysville. In other words, she was not a member of the household of the plaintiff. No claim is made that defendant was not aware of the fact that Mrs. Martin was a passenger in the Barringer car at the time of the occurrence on February 15, 1957. Neither is there any claim that she could not have been subpoenaed as a witness on behalf of the defense. In other words, it does not appear that the evidence that plaintiff did not produce was subject to her control and not equally available to the defendant. Furthermore, in order that the inference referred to in the charge of the trial court may properly be drawn the evidence involved may not be merely cumulative. In the final analysis the rule in its development and in its application has been and is directed against the suppression of proof that should be produced to assist in a proper determination of the pending litigation.

In Cross v. Lake Shore & Michigan Southern Railway Company, 69 Mich. 363, 37 N.W. 361, 364, plaintiff **\*603** claimed that she was injured as the result of negligence on the part of defendant in the maintenance of its grounds. Another party was injured at the same time in like manner. Such other party was not called as a witness and counsel for defendant requested the court to charge the jury that the unexplained failure to call such other injured party was a matter that the jury might consider and conclude therefrom that such testimony had it been produced would have been injurious to plaintiff. The trial court refused to so charge, indicating as the reason therefor that the witness was equally available to defendant as well as to the plaintiff. Commenting thereon in the opinion on appeal, it was said:

'We think the court was correct in his refusal, and right as to the presumption. If she was within reach of the process of the court, either party had, as far as the record shows, equal facilities for bringing her into court as a witness; and the mere fact

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

101 N.W.2d 365 Page 7
358 Mich. 594, 101 N.W.2d 365
**(Cite as: 358 Mich. 594, 101 N.W.2d 365)**

that either failed to do so raised no presumption that she would testify against their particular theory of the accident.'

[9] In Bleecker v. Johnston, 69 N.Y. 309, an action was brought against copartners on an alleged contract of employment. **370 One of the defendants testified but the other did not. The trial judge charged the jury in substance that the inference might be drawn from the nonproduction of such other defendant that his evidence would not be beneficial to defendants. This was held to be error, the court of appeals holding that there was no duty to call all witnesses within reach, and that the failure to do so did not imply a fraud or a design to suppress the truth. The judgment in favor of plaintiff was reversed because of the error. This Court in Cole v. Lake Shore & M.S. Railway Co., 81 Mich. 156, 161 45 N.W. 983, 984, quoted with approval from the opinion in the New York case, as follows:

*604 'The mere omission of a party to a civil action to call a witness who, at the most, has no other or better knowledge of the matter in dispute than those who are produced and give evidence, is not necessarily suspicious, entitling the adverse party to every presumption to his prejudice.'

See, also, Macklem v. Warren Construction Company, 343 Mich. 334, 338, 72 N.W.2d 60.

In Gibbons v. Delta Contracting Co., 301 Mich. 638, 4 N.W.2d 39, the action was brought to recover damages resulting from a collision between plaintiff's automobile and defendant's truck. At the time of the collision one Louis Dain was riding in the truck with the deiver. He was not called as a witness by defendant and counsel for plaintiff in his argument to the jury commented on such failure. The trial judge charged the jury with reference to the matter, pointing out that Dain had been in the courtroom during part of the trial, and further stating to the jury that:

'You are charged that either party had the right to call Louis Dain as a witness, he being available to the process of this court, Dain being a resident of Watersmeet, Gogebic county, Michigan. You are further charged that counsel for either party to this litigation had the right to make such proper comments on the failure to call Louis Dain as the facts warranted.'

This Court held that neither the argument by plaintiff's counsel nor the court's instruction to the jury constituted reversible error. It was recognized, in other words, that either party had the right to call the witness. A like situation existed in the case at bar.

[10] In recognition of what appears to be the general rule on the subject, it is said in 31 C.J.S. Evidence § 156, p. 858:

*605 'It has been laid down in a large number of cases that where a witness is equally available or accessible to both parties, no presumption or inference against either party can arise by reason of his failure to call such witness.'

Likewise, in 20 Am.Jur., p. 193, it is stated that:
'Furthermore, it is a general rule that a party is not to be prejudiced by his failure to call a witness who is equally available to the other party.'

[11] Under the circumstances indicated by the proofs in the instant case we conclude that the trial judge was in error in giving defendant's request with reference to plaintiff's failure to call Mrs. Martin as a witness. Counsel for defendant knew that plaintiff's mother was riding in the Barringer automobile and might have subpoenaed her as a witness if they had desired to do so. Plaintiff and her husband were occupants of the front seat and presumably in a better position to make observations as to the movements of defendant's car than was Mrs. Martin. The failure to call all the witnesses to a transaction gives rise to no prejudicial inference if it may reasonably be anticipated that the witnesses not called would give merely cummulative testimony. At most it was merely a matter of argument

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

101 N.W.2d 365  
358 Mich. 594, 101 N.W.2d 365  
**(Cite as: 358 Mich. 594, 101 N.W.2d 365)**

Page 8

by counsel as to the conclusion that might be drawn from the fact that Mrs. Martin was not produced by either party.

**\*\*371** For the errors indicated the judgment must be reversed and the case remember for a new trial. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK EDWARDS, KAVANAGH and SOURIS, JJ., concur.

Mich. 1960  
Barringer v. Arnold  
358 Mich. 594, 101 N.W.2d 365

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.