UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jaroslaw Waskowski,

    Plaintiff,

v.                                            Case No. 11-cv-13036

State Farm Mutual Automobile Insurance      Honorable Sean F. Cox
Company,

    Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S RULE 59 MOTION TO AMEND JUDGMENT TO ADD
UNDISPUTED DAMAGES PROVEN AT TRIAL OR, ALTERNATIVELY, FOR NEW
TRIAL ON DAMAGES [DOCKET ENTRY NO. 75]**

In this automobile insurance benefits case under the Michigan No-Fault Act, Plaintiff Jaroslaw Waskowski ("Waskowski") sought to recover all accrued first party no-fault benefits that he contends he is entitled to under his automobile insurance policy insured by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), due to injuries that he allegedly sustained in an automobile accident that occurred on December 23, 2009, together with interest, costs, attorney's fees, exemplary damages and/or compensatory damages, and additional damages for intentional infliction of emotional distress. (Docket Entry No. 1.) Waskowski alleges that the benefits that he is entitled to, under the Michigan No-Fault Act and the terms of his policy, include outstanding medical and prescription drug bills, wage loss, household help, and attendant care claims. (Docket No. 48.)

Following the conclusion of the jury trial, on December 6, 2012, the jury entered its verdict, holding that there were no outstanding amounts due to Waskowski by State Farm. (Docket Entry

1

Nos. 70, 71.)

On January 23, 2012, the Court entered Judgment, stating that Waskowski shall recover nothing from State Farm. (Docket Entry No. 74.)

This matter is currently before the Court on Plaintiff's Rule 59 Motion to Amend Judgment to Add Undisputed Damages Proven at Trial or, Alternatively, for New Trial on Damages (hereinafter referred to as "Motion to Alter or Amend Judgment or for a New Trial on Damages"). (Docket Entry No. 75.)

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs.

For the reasons set forth below, the Court shall **DENY** Waskowski's Motion to Alter or Amend Judgment or for a New Trial on Damages [Docket Entry No. 75].

## BACKGROUND

On April 11, 2011, Plaintiff Jaroslaw Waskowski filed his Complaint in the Circuit Court for the County of Macomb, naming State Farm Mutual Automobile Insurance Company ("State Farm") as Defendant. (Docket Entry No. 1, at 5–8.) The Complaint alleges that on or around December 23, 2009, Waskowski was involved in an automobile accident. (*Id.* at 6.) At that time, Waskowski was insured under the State Farm automobile insurance policy. (*Id.*) The Complaint further alleges "[t]hat . . . while the Defendant has paid some benefits (particularly during 2010) and continues to pay some benefits, the Defendant has failed . . . to pay over to Plaintiff full benefits, including full wage loss benefits, attendant care benefits, medical benefits, prescriptions, and

replacement service benefits, although the Plaintiff timely submitted to the Defendant the 'No Fault' expenses to be paid by the Defendant. The Defendant also has failed to pay proper medical mileage benefits, despite submissions by the Plaintiff, but this Complaint does not include medical mileage benefits as such benefits are being dealt with separately." (*Id.* at 7.) Waskowski requests all accrued, unpaid benefits, together with twelve (12%) percent interest, reasonable attorney fees and costs, as well as compensatory and/or exemplary damages in the amount of two hundred and fifty thousand dollars ($250,000) and an additional two hundred and fifty thousand dollars ($250,000) for intentional infliction of emotional distress. (*Id.*)

This action was removed to this Court on July 14, 2011, based on diversity of citizenship. (Docket Entry No. 1, at 2.)

Following a five day trial, on December 6, 2012, the jury entered its verdict, holding that (1) Waskowski sustained an accidental bodily injury; (2) Waskowski's accidental bodily injury arose out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle on December 23, 2009; (3) allowable expenses[1] were incurred by or on behalf of Waskowski arising out of the accidental bodily; (4) Waskowski sustained work loss[2] arising out of his accidental bodily

---

[1] The jury verdict form defines "allowable expenses" as "all reasonable charges for reasonably necessary products, services, and accommodations for the plaintiff's care, recovery, or rehabilitation." (Docket Entry No. 71, at 2.)

[2] The jury verdict form defines "work loss" as "loss of income from work the plaintiff would have performed during the first three years after the date of the accident if the plaintiff had not been injured. Work-loss benefits are computed at 85 percent of the plaintiff's loss of gross income, but they may not exceed the sum of $4,948.00 per 30-day period nor may they be payable beyond three years after the date of the accidental bodily injury." (Docket Entry No. 71, at 2.)

3

injury; and (5) replacement service expenses[3] were incurred by or on behalf of Waskowski arising out of his accidental bodily injury. (Docket Entry No. 71.)

However, with regard to the amount of allowable expenses, work loss and replacement services damages that is currently owed to Waskowski by State Farm, and which have not yet been paid to Waskowski, the jury held that Waskowski was entitled to no damages (or $0). (*Id.* at 2–3.) Likewise, consistent with the jury's holdings, the jury also held that no payment by State Farm for any of Waskowski's expenses or losses was overdue.[4]

On January 23, 2013, the Court entered Judgment, as follows:

> This matter having come on for trial and the Court having convened and sworn a jury, and the trial having been concluded and the jury having rendered its verdict, on December 6, 2012, as set forth in the verdict form, which is part of the record in this cause, and the court being further fully advised in the premises.
> **NOW THEREFORE, IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Defendant State Farm Mutual Automobile Insurance Company and against Plaintiff Jaroslaw Waskowski. The Plaintiff shall recover nothing from the Defendant.
> The jury having found on December 6, 2012:
> (1) The Plaintiff sustained an accidental bodily injury on December 23, 2009.
> (2) The Plaintiff's accidental bodily injury arose out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle on December 23, 2009.
> (3) Allowable expenses were incurred by or on behalf of the Plaintiff arising

---

[3] The jury verdict form defines "replacement service expenses" as "expenses not exceeding $20 per day reasonably incurred in obtaining ordinary and necessary services in place of those that if the plaintiff had not been injured, the plaintiff would have performed during the first three years after the date of the accident, not for income, but for the benefit of the plaintiff or his dependents. Benefits for replacement service expenses may not exceed $20 per day nor may they be payable beyond three years after the date of the accidental bodily injury." (Docket Entry No. 71, at 3.)

[4] The jury verdict form states that "[p]ayment for an expense or loss is overdue if it is not paid within 30 days after the defendant receives reasonable proof of the fact and the amount of the claim. An overdue claim bears interest at the rate of 12 percent per annum from the date the expense or loss became overdue." (Docket Entry No. 71, at 4.)

> out of the accidental bodily injury, but no allowable expenses are owed to the Plaintiff by the Defendant.
> (4) The Plaintiff did sustain work loss arising out of the accidental bodily injury, but no work loss is owed to the Plaintiff by the Defendant.
> (5) Replacement services expenses were incurred by or on behalf of the Plaintiff arising out of the accidental bodily injury, but no replacement services expenses are owed to the Plaintiff by the Defendant.
> (6) There are no overdue payments owed by the Defendant to the Plaintiff for expenses or losses.

(Docket Entry No. 74.)

On February 20, 2013, Motion to Alter or Amend Judgment or for a New Trial on Damages. (Docket Entry No. 75.)

## ANALYSIS

Waskowski contends that he is entitled to an amended judgment under the doctrine of additur and a new trial addressing his damages because "the jury not only found liability, but found that Mr. Waskowski incurred damages: allowable expenses, wage loss, and replacement services. The jury, however, then awarded nothing. The jury's verdict is contrary to the undisputed evidence of incurred and unpaid expenses. Finding that damages were sustained, but then refusing to award the amounts proven at trial, results in an inadequate verdict." (Docket Entry No. 75, at 12.)

**A.  Waskowski's Request for an Amended Judgment Reflecting Additur.**

Following a jury trial, Federal Rule of Civil Procedure 59(a)(1)(A) provides that the court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). "[A] district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Oh. Ky. Oil Corp.*, 675 F.3d 538, 551–52 (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir.2010)).

Generally, "[f]ederal courts are prohibited by the Seventh Amendment from granting additur, which would increase the amount of the jury's award." *Tezak v. Montgomery Ward & Co., Inc.*, 33 Fed.Appx. 172, 177–78 (6th Cir.2002). Waskowski cites to *Clay v. Gordon*, 2000 WL 191936, at * 3, 205 F.3d 1339 (6th Cir. 2000), for his contention that additur is appropriate because damages are not disputed. *See Jimkoski v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2302095, at * 7, 247 F. App'x 654, 663 (6th Cir. 2007) (holding that, although some circuits have held that additur may be constitutionally permissible in cases where damages are not in dispute, the Sixth Circuit, "however, has yet to hold one way or the other"). He also cites to several Michigan Court of Appeals cases. The Court does not find Waskowski's arguments under *Jimkoski* convincing. Likewise, the Court does not find Waskowski's arguments under the Michigan cases controlling in this diversity action. *See Mills v. United States Producers*, No. , 2013 WL 228086 (E.D. Mich. Jan. 22, 2013) (applying Federal Rule of Civil Procedure 59(e) in a diversity action); *Conner v. State Farm Mut. Auto. Ins. Co.*, 273 F. App'x 438 (6th Cir. April 9, 2008) (applying 59(e) in an action removed from state court on the basis of diversity jurisdiction). Regardless, the Court has considered those cases and does not find them convincing, as well.

Here, the issue of Waskowski's damages was clearly disputed. This action addressed whether (1) Waskowski sustained accidental bodily injury as a result of his use of his motor vehicle, as a motor vehicle, on December 23, 2009; (2) whether allowed expenses, work loss, and replacement services were incurred; and (3) whether there were any outstanding allowed expenses, work loss, and replacement services damages owed to Waskowski by State Farm. (Docket Entries No. 70–71.) The jury clearly determined that Waskowski sustained an accidental bodily injury arising out of his use of his automobile, as an automobile, while he was insured by State Farm, but

held that State Farm has paid all the claims/damages that Waskowski is entitled to under his policy and the Michigan No-Fault Act. (*Id.* at 2–3.) As a result, the jury concluded that State Farm does not owe Waskowski damages for any outstanding allowed expenses, work loss, and replacement service claims.

**B.     Waskowski's Request for a New Trial.**

The Court may set aside a verdict and grant a new trial only when (1) the verdict is against the clear weight of the evidence, and (2) the verdict is unreasonable. *See Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820–21 (6th Cir. 2000); *see also Nolan v. Memphis City Schools*, 589 F.3d 257, 264 (6th Cir. 2009); *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir.1996). Where a jury's award bears no relation to the evidence of damages, it is appropriate to grant a motion for a new trial. *Anchor*, 94 F.3d at 1021. But, where the verdict is supported by some competent, credible evidence, a district court will be deemed within its discretion to deny the motion. *Id.*; *see also Mich. First Credit Union v. Cumis Ins. Soc'y, Inc.*, 641 F.3d 240, 245 (6th Cir.2011) ("We review the denial of a motion for a new trial for an abuse of discretion . . . . When under diversity jurisdiction, we follow the federal standard rather than state law . . . . Accordingly, we must accept the jury's verdict if it was reasonably reached. If the verdict is supported by some competent, credible evidence, a trial court will be deemed not to have abused its discretion in denying the motion.") (internal citations and quotations omitted).

As mentioned before, the jury held that Waskowski sustained accidental bodily injury arising out of his use of his automobile, as an automobile, on December 23, 2009, and that allowable expenses, work loss, and replacement services were incurred. However, the jury held that the amount of allowable expenses, work loss and replacement services currently owed to Waskowski

by State Farm in excess of what State Farm has already paid Waskowski is nothing and/or zero dollars ($0). Consistent with these holdings, the jury further concluded that there was no overdue payments for Waskowski's expenses or losses owed by State Farm to Waskowski. Waskowski does not provide any argument to support that the jury's verdict was not supported by competent and credible evidence. (Docket Entry No. 75.) Instead, he argues as follows: "In this case, the jury not only found liability, but found that Mr. Waskowski incurred damages: allowable expenses, wage loss, and replacement services. The jury, however, then awarded nothing. The jury's verdict is contrary to the undisputed evidence of incurred and unpaid expenses. Finding that damages were sustained, but then refusing to award the amounts proven at trial, results in an inadequate verdict." (Docket Entry No. 75, at 12.) The jury verdict is not ambiguous or inadequate, as Waskowski seems to contend. Likewise, the Judgment clearly reflects the verdict that whatever damages Waskowski sustained as a result of the automobile accident have already been paid by State Farm. After reviewing the evidence presented by the parties at trial, as well as the testimony of the witnesses, the Court holds that the jury's verdict was supported by competent and credible evidence.

## CONCLUSION AND ORDER

For the aforementioned reasons, the Court **DENIES** Waskowski's Motion to Alter or Amend Judgment or for a New Trial on Damages [Docket Entry No. 75].

**IT IS SO ORDERED.**

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: April 25, 2013

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jaroslaw Waskowski,

    Plaintiff,

v.                                              Case No. 11-cv-13036

State Farm Mutual Automobile Insurance      Honorable Sean F. Cox
Company,

    Defendant.

_____/

## PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on

April 25, 2013, by electronic and/or ordinary mail.

                                             S/Jennifer McCoy
                                             Case Manager